IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.J. and C.J., on behalf of their minor child B.J.
    Plaintiffs,
v.                                                        Case No. 12-CV-00565 RB/LFG

Danny Pacheco, et al.
    Defendants.

## DEFENDANTS' VERIFIED MOTION FOR PROTECTIVE ORDER AND NOTICE OF NON-APPEARANCE

COME NOW the Defendants, by and through their attorneys, Basham & Basham, P.C. (Mark A. Basham, Esq. and Katherine A. Basham, Esq.), and hereby gives notice that the individual Defendants will not appear for their depositions set for November 16th and 19th, and hereby move this Court for a protective order protecting the individual Defendants from the depositions. On November 9th, the Defendants filed a Motion for Summary Judgment based on Qualified Immunity and are entitled to an automatic stay of discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). Although Plaintiffs' attorney did not oppose a motion to stay discovery as of November 9, 2012, Plaintiffs' attorney refuses to vacate the depositions scheduled within the next ten days.

On November 2, 2012, without conferring in good faith with opposing counsel as required by Local Rule 30.1, Plaintiffs' counsel scheduled the depositions of the three named Defendants. Plaintiffs' counsel did not check to see the availability or the individual Defendants or opposing counsel. Furthermore, Plaintiffs' counsel scheduled the depositions to take place in Albuquerque, over eighty (80) miles from the individual Defendants' residences. On November 2, 2012, Defendants' counsel informed Plaintiffs' counsel that a Motion for Summary Judgment based on Qualified Immunity would be filed no later than November 9th and that the individual Defendants would not be appearing at their depositions due to the automatic stay of discovery.

Again, on November 9, 2012, Defendants' counsel informed Plaintiffs' counsel that, due to the stay in discovery (and because she had not consulted with opposing counsel prior to scheduling the depositions), the individual Defendants would not appear at their depositions. Because Plaintiffs' counsel had not opposed the stay in discovery and indeed approved, as to form, an order staying discovery, Defendants' counsel assumed that Plaintiffs' counsel would agree to vacate the depositions. While Defendants' counsel asked for clarification on this point on Friday November 9th, Plaintiffs' counsel did not reply to said inquiry until again prompted by Defendants' counsel the morning of November 12th. Not until the morning of the 12th did Plaintiffs' counsel state that she would not voluntarily vacate the depositions, despite having agreed to the appropriateness of a stay of discovery.

Defendants acknowledge that this Motion comes less than seven (7) days from the date of the November 16th depositions. However Defendants request that this Court not treat the failure of the two individual defendants to appear on November 16th as willful failure to appear or contemptible conduct. As grounds for this request, the Defendants state: (1) it is absurd of Plaintiffs' counsel to refuse to vacate the depositions despite the Defendants' right to an immediate stay of discovery; (2) Plaintiffs' counsel failed to comply with Local Rule 30.1 in scheduling the depositions; (3) Plaintiffs' counsel scheduled the depositions for a place more than eighty (80) miles from the deponents' residences; and (4) the Plaintiffs' counsel was informed as early as November 2, 2012, the day the Plaintiffs' counsel scheduled the deposition, that a Motion for Summary Judgment based on Qualified Immunity would be filed no later than November 9th and that the individual defendants would not be appearing at their depositions due to the automatic stay of discovery. Furthermore, on November 9th, Defendants' counsel again informed Plaintiffs' counsel that the individual defendants would not be appearing for their

depositions due to the automatic stay in discovery. It was not until the morning of November 12th that Plaintiffs' counsel asserted her unreasonable position that she is entitled to depose the individual defendants despite her acknowledgement that an immediate stay of discovery is appropriate.

**WHEREFORE,** Defendants respectfully request that this Court grant a protective order protecting the individual defendants for depositions until after the Motion for Summary Judgment based on Qualified Immunity is decided or the Court rules that the Plaintiffs are entitled to limited discovery after the filing of a Rule 56(f) affidavit. Defendants also seek an award of attorney's fees incurred in the filing of this motion given the irrationality of the Plaintiffs' position in failing to agree to vacate the depositions in light of the stay of discovery.

Respectfully Submitted,
***Electronically Filed***
*/S/  Mark A. Basham*
Katherine A. Basham
Mark A. Basham
Basham & Basham, P.C.
Attorneys for Defendants
2205 Miguel Chavez Rd., #A
Santa Fe, New Mexico 87505
(505) 988-4575; kbasham@bbpcnm.com

STATE OF NEW MEXICO   )
                      )ss.
COUNTY OF SANTA FE    )

I, Katherine Basham, being duly sworn, states that the foregoing facts regarding communications between herself as Defendants' counsel and Shannon Kennedy as Plaintiffs' counsel are true.

_____
Katherine Basham

Subscribed and Sworn to before me this 12th day of November, 2012, by Katherine Basham.

My commission expires:
2-22-2016

_____
Notary Public

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was emailed to Shannon Kennedy, The Kennedy Law Firm, at 1000 Second Street, NW, Albuquerque, New Mexico, 87102, on this 12th day of November, 2012 and mailed on the 13th day of November, 2012.

*Electronically Filed*
*/S/  Mark A. Basham*