IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

T.J. and C.J., on behalf
of their minor child, B.J.,

    Plaintiffs,

vs.                                                  CIVIL NO. 1:12-CV-00565 RB/LFG

DANNY PACHECO et al.,

    Defendants.

## PLAINTIFF'S MOTION FOR LIMITED DISCOVERY
## PURSUANT TO FEDERAL RULE 56(d)(2)

Come now Plaintiffs, through their counsel, the Kennedy Law Firm, and request that this Court to refrain from entering any order as to summary judgment on any Count alleged in Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 56(d), prior to allowing Plaintiffs limited discovery.

Defendants seek to justify an arrest out of a counseling office of a minor child in need of mental health care for the purported reason that they wanted to help the child and protect the community. B.J. and his family were doing everything that was in his best interests and in the interests of the community – he had received an evaluation at a psychiatric hospital and was in the process of receiving counseling when officers barged into the counseling office and slapped handcuffs on him.

The case is really about whether we are going to allow fear overwhelm the Constitution. Certainly, the defendants have turned on the fear-o-meter to high. However, there are gaps in their asserted facts and there are facts uniquely in Defendants' possession or the possession of

1

third parties to which Plaintiffs have no access without a small number of short depositions to confront Defendants' Motion for Summary Judgment.

As grounds for their motion for limited discovery, Plaintiffs state:

**<u>Factual Background</u>**

1. On January 22, 2010, B.J. was being transported to Espanola Valley High School in an Espanola Municipal School District bus when K.A., a minor student, began kicking and punching the back of B.J.'s seat. *See Complaint* at ¶11.

2. In all K.A. punched and kicked B.J. 10 to 20 times, resulting in two lacerations to the side of B.J.'s face, bumps on his head, and the breaking of B.J.'s glasses. *See Complaint* at ¶12.

3. K.A. was not expelled from Espanola Valley High School although B.J. would later be expelled from the school for drawing pictures for a horror movie and creating a list of characters for his movie story boards. *See Complaint* at ¶16.

4. Defendant City of Espanola and the Defendant officers knew or should have known that school administrators were failing to protect students like B.J. from being bullied by students like K.A., and that B.J. was in need of therapeutic services for having been the victim of violent crime. *See Complaint* at ¶17.

5. On September 7, 2010 Defendants searched B.J's backpack in connection to the pictures and character lists created by B.J. *See Complaint* at ¶¶23-4.

6. One piece of line paper seized from B.J.'s backpack had the words "List for Hell" on the top and the following list of movie characters: "1. Pink Whore; 2. Special Blonde; 3. Fat ASS; 4. Chris D.; 5. Chriss [sic]; and 6. Austin." *See Complaint* at ¶25.

7. Defendant Officer Lopez alleged to the media that "Billy told me the pictures were of a movie he was going to make." *See Complaint* at ¶26.

8. The Officers did not record their custodial questioning of B.J. in the school office. *See Complaint* at ¶28.

9. At no material time was B.J. in possession of a weapon, nor did he make any verbal threat upon any student of Espanola Valley High School. *See Complaint* at ¶¶29-30.

**The Note of Student SM dated March 2, 2010**.

10. Defendants allege that an unnamed minor child, (S.M.) had written a note to the administration complaining that she was afraid of B.J. and that B.J. had threatened to kill her and that she was on B.J.'s hit list. *See Defendants' Motion for Summary Judgment, I. Statement of Facts, ¶18*. The note is dated "3-2-2010". Id., Doc. 27-2. If the note's date is correct, the note was not written contemporaneously with the drawing of the hit list and was written a semester before the 2010-2011 school year.

11. On November 24, 2010, Christian Lopez completed a detailed report about the arrest of B.J. In the report, Christina Lopez never mentions the note from S.M. and it is not included in the documents sent to the "RA JPO's". [Exhibit "1"; narrative report of Lopez].

12. In a September 16, 2010 article in the Rio Grande Sun about the lockdown at Espanola High [Exhibit "2"], the writer reports that:

> "An incident report taken by Espanola Police officer Danny Pacheco (prior to his positions SRO at the high school) March 2 states a female student at the **Espanola Military Academy** said Billy Jones told her she was on a hit list and that he was, "going to bring a knife and gun and was going to kill her."
> Billy Jones denied he had threatened the girl but did have a list of "good and bad" students he felt he should or should not associate with, the report states.
> After speaking with both students, Pacheco said he did not take any action because he did not feel B.J. was going to hurt any students, according to the report."

13. Obviously, if the note was written in March 2, 2010, its use as a fact to support probable cause is diminished. Because defendants were not explicit in where this note came from and when it was written, Plaintiff would like to discover the circumstances surrounding how defendants obtained the note and why defendants believe it adds to any probable cause analysis. Plaintiff need to depose Defendants Lopez and Pacheco to question them about the note and the March 2, 2010 incident.

**Allegation that B.J. left the Psychiatric Hospital without Permission**

14. On September 8, 2010, defendant Lopez alleges that he came to the belief that B.J. left the psychiatric hospital "without permission". [Lopez Affidavit, par. 25].

15. The leaving the hospital without permission appears to have precipitated the criminal charges against B.J. However, Defendant Lopez knew nothing more than he knew the previous day about B.J. and the hit list. He correctly called for medical attention for B.J., then once B.J. receives medical attention, he calls for his arrest.

16. Since the an officer must examine reasonably available evidence before making an arrest, Plaintiff believes that he has the right to ask Defendant Lopez the basis of his belief on discharge of minors and whether he had available to him resources such as a telephone call to St. Vincent's to determine the mental health status of Billy Jones. Plaintiff would also like to depose the psychiatrist who evaluated and released B.J. to confirm that he would have told Lopez that B.J. was not a threat to anyone.

**The Question of Probable Cause**.

17. News media reports detail that the Assistant District Attorneys dismissed the charges against B.J. immediately upon viewing the police reports. Sworn testimony under oath as to the lack of probable cause is critical to Plaintiff's ability to respond to Defendants' Motion. Exhibit

4

4 indicates that ADA Sarah Piltch determined that there was no probable cause to arrest B.J. Also, ADA Pacheco is quoted in the news media that there is no probable cause. [Exhibit "3"; "You can't charge someone with something that they may do in the future," Pacheco said, "he did not commit those crimes."]

18. Further, counsel has a reasonable basis to believe that one or both ADA's told Officer Lopez that there was no probable cause to arrest B.J. prior to his arrest. The information is especially critical since Defendants purport that a JPO told them they had probable cause to arrest B.J.

**Requested Discovery**

Because Defendant Pacheco, Defendant Lopez, ADA Sarah Pilch, and ADA Pacheco possess critical, admissible evidence, and the ability and willingness of St. Vincent's to cooperate with law enforcement objectives of protecting the public is relevant to Defendant Lopez' ability to dispel any fears of B.J.'s escape from a mental health care facility is relevant information to the issues raised in the summary judgment, Plaintiff requests short depositions of the officers, the assistant district attorneys and a representative from St. Vincent's to testify how an office could discover the medical status of a patient and whether the patient escaped the facility.

The factual basis of the arrest of B.J. is entirely in the hands of Defendant Pacheco and Defendant Lopez. His, and by extension, their view of the events and applicable law which gave rise of B.J's arrest are inherently implicated in a case where the standard of qualified immunity rests on a police officer's reasonable belief "that his actions were lawful in light of clearly established law and based on all information available to him at the time." *See Defendants' Motion* at §II.A. (Citing *Davis v. Scherer*, 468 U.S. 183, 191 (1984)). Finally, Plaintiffs were

only made aware of Lopez' alleged reliance on the letter submitted by S.M. with the filing of Defendants' Motion for Summary Judgment. It is essential to Plaintiff's case that he be allowed Lopez and Pacheco about her complaint prior to the determination of Defendants' immunity to discover when her letter was written and whether Pacheco did in fact investigate the allegation at the time it was raised in March, 2010.

**Legal Argument**

### A) This Court Should act in its Discretion and Refrain From Deciding Defendants' Motion Pending Additional Material Discovery

Rule 56(d)(2) maintains that where a 'non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). "Unless dilatory or lacking in merit," a party's rule 56(d) application "should be liberally treated." *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir.1993) (internal quotation marks omitted). "The general principle of Rule 56(f) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (internal quotation marks omitted). However, "[r]ule 56(f) discretion must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits against government officials should be resolved prior to discovery and on summary judgment if possible." *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (1990) (citing *Anderson v. Creighton*, 483 U.S. 635, 640 n. 2) (internal quotation marks and emphasis omitted). However, in such cases "[w]here a defendant's subjective intent is an element of plaintiff's claim and the defendant moves for summary judgment based on qualified immunity, the defendant must make a prima facia showing of the 'objective reasonableness' of

6

the challenged conduct." *Id.* at 755 (citing *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1998); *Martin v. D.C. Metropolitan Police Dept.*, 812 F.2d 1425, 1434 (D.C. Cir. 1987). Thus, "in response to a summary judgment motion based on qualified immunity, a plaintiff's 56[(d)] affidavit must demonstrate 'how discovery will enable them to' … demonstrate a 'connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion.'" *Id.* (citing *Jones v. City of Denver, Colo.*, 854 F.2d 1206, 1211 (10th Cir. 1988). Thus, "[t]o invoke the shelter that rule 56(d) provides, a party must (i) file an affidavit; (ii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts; (iii) explain why facts precluding summary judgment cannot be presented; and, (iv) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. *See Martinez v. Lucero*, CIV 11–1003 JB/LFG, 2012 WL 2175772, at *16 (D.N.M. May 31, 2012) (Browning, J.) (citations omitted).

In *Lewis* the plaintiff failed, by her brief or affidavits, to demonstrate how particularized discovery would have raised a genuine issue as to the appellant-defendant's qualified immunity claim. However, as stated above, Plaintiffs here have identified specific persons, at least one of which is a party to this case, whom they would depose to further draw out and synthesize the facts of this case and especially those that relate to Defendants' asserted immunity. Thus, this case is distinct from *Lewis* specifically because Plaintiffs can particularize their requests for discovery. Plaintiffs have pointed to specific depositions based on facts and documents within this record that, if allowed to proceed, will aid in rebutting Defendant's assumed assertion of objective reasonableness. "Rule 56(f) is not a license for a fishing expedition, especially when summary judgment is urged based on a claim of qualified immunity." *Lewis,* 903 F.2d at 759.

7

Plaintiff recognizes that fact, and respectfully asks this Court to grant it additional, meritorious, discovery prior to deciding the issue of Defendant's qualified immunity in this case. Pursuant to *Lucero* (i) Plaintiffs' affidavit is attached; and (ii) identifies the probable facts not available, but required by them to contest Defendants' Motion; (iii) have presented an explanation of why those facts cannot be fully presented; and (iv) request reasonable time to complete the above-referenced depositions in conjunction with Defendants' cooperation in helping to locate those deponents. Therefore, Plaintiffs' motion to retrain this Court from ruling on Defendant's motion pending further discovery ought to be granted.

Plaintiff B.J.'s constitutional rights were violated when he was arrested without a warrant. An officer is entitled to qualified immunity for a warrantless arrest "if a reasonable officer could have believed that probable cause existed to make the arrest." *Koch v. City of Del City*, 660 F.3d 1228, 1241 (10th Cir. 2011). In this case there was no showing by Defendant indicating that B.J. had committed or was about to commit any crime. Therefore, there were no *reasonable* grounds under which he could be arrested.

The right to be free of illegal searches, seizures, and warrantless arrest has been in place since the ratification of the Bill of Rights. U.S. Cont. Amend. 4. "[T]he evil the Amendment was designed to prevent was broader than the abuse of a general warrant. Unreasonable searches or seizures conducted without any warrant at all *are condemned by the plain language of the first clause of the Amendment*." *Payton v. New York*, 445 U.S. 573, 585 (1980) (emphasis added).

**Conclusion**

Wherefore, Plaintiffs respectfully request that this court employ its discretion under Rule 56(d) and allow them additional time to depose Defendant Pacheco, Defendant Lopez, the assistant district attorneys and a representative from St. Vincent's to testify how an office could discover

the medical status of a patient and whether the patient escaped the facility prior to determining whether to enter any judgment on Defendants' Motion for Summary Judgment based on Qualified Immunity [document 27 in this case].

Respectfully Submitted,

*/s/ Shannon L. Kennedy*
Shannon L. Kennedy
Joseph P. Kennedy
KENNEDY LAW FIRM
1000 2nd St. NW
Albuquerque, New Mexico 87102
(505) 244-1400 (505)244-1406 fax

I hereby certify that a true and correct copy of the foregoing was served upon opposing counsel on the day of its filing via the CME/CF filing system.

*/s/ Shannon L. Kennedy*
Shannon L. Kennedy