## RULE 56(d) AFFIDAVIT OF JOSPEH P. KENNEDY

I, Joseph P. Kennedy, state under oath and penalty of perjury:

1. I am one of the attorneys representing the Plaintiff in this matter. I make this affidavit pursuant to Fed. R. Civ. Pro. 56(d).

2. The focus of Defendant's Motion for Summary Judgment is the alleged crimes committed by B.J.

3. Defendant Lopez' affidavits assert three factual areas as support for his belief that B.J. had committed the crimes of attempted murder and assault that I believe call for discovery to develop facts to offer in response.

4. Primarily, Defendants proffer a handwritten note of March 2, 2010 that they imply was received contemporaneously with the complaint of B.J.'s hit list discovered on September 7, 2010. However, the note is the subject of a news report, which indicated that Officer Pacheco felt there was no threat. The news report is obviously not the type of factual support that Plaintiff can offer to rebut facts in response to a summary judgment motion. Also, Defendant Lopez made no previous mention of the March 2, 2010 note in his detailed narrative report about the arrest of B.J. and he did not deem that it was important enough to forward the note to the JPO's office for review. Plaintiff would like to take the deposition of Lopez and Pacheco to confirm under oath that the note related to an incident occurring on March 2, 20110 at the Espanola Military Academy and not at the Espanola High School; that Officer Pacheco saw no threat to the student writing the note and inquire as to why the note has been produced after the narrative report of Lopez was completed on November 24, 2010. The facts would tend to diminish or completely eliminate any reliance on



the March 2, 2010 note as a basis to believe that B.J. committed a crime on September 7, 2010.

5. Also, Christian Lopez notes in his affidavit at paragraph 25 that he became concerned that B.J. had left a psychiatric hospital without permission simply because he called a friend for a ride. Christian Lopez does not detail what, if any, action he took to find out B.J.'s mental health status as determined by the psychiatric hospital. Since an officer is required to complete some type of minimal investigation prior to arresting a person, Plaintiff would like to discover whether Defendant Lopez called St. Vincent's and talked to anyone about B.J's status. "Police officers may not ignore easily accessible evidence and thereby delegate their duty to investigate and make an independent probable cause determination based on that investigation." Baptiste v. J.C. Penney Co., 147 F.3d 1252, 1259 (10th Cir. 1998).

6. Finally, news media reports detail that the Assistant District Attorneys dismissed the charges against B.J. immediately upon viewing the police reports. Sworn testimony under oath as to the lack of probable cause is critical to Plaintiff's ability to repond to Defendants' Motion. Exhibit 4 indicates that ADA Sarah Piltch determined that there was no probable cause to arrest B.J. Also, ADA Pacheco is quoted in the news media that there is no probable cause. I have a reasonable basis to believe that one or both ADA's told Officer Lopez that there was no probable cause to arrest B.J. rpio to his arrest. The information is especially critical since Defendants purport that a JPO told them they had probable cause to arrest B.J.

FURTHER AFFIANT SAYETH NOT.

Signed: _____
Joseph P. Kennedy

STATE OF NEW MEXICO    )
                       )ss.
COUNTY OF BERNALILLO   )

SUBSCRIBED AND SWORN TO before me this 18th day of December, 2012 by Joseph P. Kennedy .

_____
Notary Public

My Commission Expires:

3/29/2014

OFFICIAL SEAL
ERIN S. PEARSON
Notary Public
State of New Mexico
My Comm. Expires 3/29/14