IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.J. and C.J., on behalf of their minor child B.J.
    **Plaintiffs,**
v.
                                  Case No. 12-CV-00565 RB/LFG

Danny Pacheco, et al.
    **Defendants.**

## DEFENDANTS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO MEMORANDUM OPINION AND ORDER OF MAGISTRATE JUDGE DENYING PLAINTIFFS' MOTION FOR LIMITED DISCOVERY [DOC. 44]

COME NOW the Defendants, by and through their attorneys, Basham & Basham, P.C. (Katherine A. Basham, Esq.), and hereby respond to Plaintiffs' Objections to Memorandum Opinion and Order of Magistrate Judge Denying Plaintiffs' Motion for Limited Discovery (herein Plaintiffs' Objections) [Document 44].

## PROCEDURAL BACKGROUND

On November 9, 2012, Defendants filed a Motion for Summary Judgment on Count I of Plaintiffs' Complaint based on Qualified Immunity [Document 27] (herein Qualified Immunity Motion). On November 30, 2012, Defendants' counsel agreed to allow Plaintiffs' counsel a ten (10) day extension of time to respond to the Qualified Immunity Motion, said ten (10) days to begin to run "after Plaintiffs have taken all permitted depositions, or Plaintiffs have been denied the opportunity to take depositions." *See* Plaintiffs' Motion to Extend Time to Respond to Defendants' Motion for Summary Judgment [Document 33]. However, Plaintiffs did not file a motion for limited discovery until December 18, 2012, and only after Defendants' counsel filed a Motion for Entry of Summary Judgment due to the Plaintiffs' failure to file <u>any</u> type of response to the Qualified Immunity Motion whether that be a response to the merits or a request for limited discovery. *See* Motion for Entry of Summary Judgment [Document 35] and Motion for

Limited Discovery [Document 36]. On March 7, 2013, Magistrate Judge Lorenzo Garcia entered his Memorandum Opinion and Order Denying Plaintiffs' Request for Limited Discovery. [Document 42]. In said Order, Judge Garcia gave Plaintiffs until March 22, 2013 to submit their response to the Qualified Immunity Motion. Plaintiffs' counsel asked Defendants' counsel for a seventeen (17) day extension (until April 8, 2013) to file their response to the Qualified Immunity Motion. (Plaintiffs did not reveal that they would be filing an objection to Judge Garica's order). Knowing that Plaintiffs' counsel had recently completed a lengthy trial in state court, Defendants' counsel agreed to the extension of time to respond to the Qualified Immunity Motion. *See* Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment on Count I [Document 43]. However, the next document filed by the Plaintiffs was not a response to the Qualified Immunity Motion, but instead an objection to Judge Garcia's Memorandum Opinion and Order denying them additional discovery. *See* Plaintiffs' Objections to Memorandum Opinion and Order of Magistrate Judge Denying Plaintiffs' Motion for Limited Discovery [Document 44].

The Qualified Immunity Motion has now been pending for nearly five months without a response. Instead of addressing the merits of said motion, the Plaintiffs continue to make baseless claims that they need to take certain depositions in order to defend against the Qualified Immunity Motion. However, given the "reasons" set forth by Plaintiffs for such a need, Defendants' counsel wonders if Plaintiffs' counsel has even read the Qualified Immunity Motion in its entirety. For example, as set forth below, the Plaintiffs continue to harp on an alleged belief held by Lt. Lopez that B.J. had escaped from a hospital. Yet, in the Qualified Immunity Motion, the Defendants state that, before B.J.'s arrest, Lt. Lopez learned that B.J. had <u>not</u> escaped from said hospital and the rumor was unsubstantiated.

2

Furthermore, Plaintiffs' Objections contain the same fatal flaw as their original motion for limited discovery. Plaintiffs fail to (1) identify the probable facts not available; (2) explain their relevance; (3) describe what steps have been taken to obtain those facts; (4) explain why facts precluding summary judgment cannot be presented; and (5) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. *See Martinez v. Lucero*, CIV 11-1003 JB/LFG (D.N.M. May 31, 2012) relevant portions of which are attached hereto as Exhibit A at page 2.

## STANDARD OF REVIEW

Plaintiffs filed their objections "pursuant to Federal Rule of Civil Procedure 72(a)." *See* pages 1 and 4 of Plaintiffs' Objections. This rule clearly states that the standard of review for orders on non-dispositive matters, such as the one before this Court, is "clearly erroneous" or "contrary to law." Yet inexplicably, Plaintiffs improperly state the standard of review as "*de novo.*" *See* page 4 of the Plaintiffs' Objections. Not surprisingly, the Plaintiffs fail to cite any relevant statutory or case law in support of their incorrect contention regarding the standard of review. Instead, Plaintiffs quote an Advisory Committee Note which cites case law which stands for the exact opposite of what the Plaintiffs profess is the correct standard. In *United States v. Radditz*, 477 U.S. 667, 431 (1980), the United States Supreme Court stated,"[r]eview by the district court of the magistrate's determination of ...nondispositive motions is on a 'clearly erroneous or contrary to law' standard." Plaintiffs then cite Federal Rule of Civil Procedure 52 which pertains to trials and judgments and is completely irrelevant to the matter before this Court.

"Pursuant to 28 U.S.C. § 636(b)(1)(A), magistrate judges have the authority to enter discovery rulings." *Miller v. Auto Club of NM,* 420 F.3d 1098, 1117 (10th Cir 2005); *citing Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir. 1997). In matters of discovery, "[r]eview of

3

the magistrate judge's ruling is required by the district court when a party timely files written objections to that ruling, and the district court must defer to the magistrate judge's ruling unless it is <u>clearly erroneous or contrary to law</u>." *Hutchinson,* 105 F.3d at 566 (emphasis added). The clearly erroneous standard "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988), *quoting United States v. United States Gypsum Co,,* 333 U.S. 364, 395 (1948). Plaintiffs have failed to meet their burden of proof under the clearly erroneous standard (as well as under the *de novo* standard).

## ARGUMENT

Plaintiffs assign only one "clearly erroneous error" to the Magistrate Judge's order. The Plaintiffs claim that Judge Garcia used the incorrect standard for ruling on a Rule 56(d)(2) motion/affidavit. However, it is the Plaintiffs who continue to ignore the well-established standards for a Rule 56(d)(2) motion/affidavit, not the Magistrate Judge. Plaintiffs continue to fail to (1) identify the probable facts not available; (2) explain their relevance; (3) describe what steps have been taken to obtain those facts; (4) explain why facts precluding summary judgment cannot be presented; and (5) state with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment. *See Martinez v. Lucero,* CIV 11-1003 JB/LFG (D.N.M. May 31, 2012) relevant portions of which are attached hereto as Exhibit A at page 2.

### I. Plaintiffs identify three "discrete areas of discovery" which they argue they are entitled to explore under the Rule 56(d)(2) standard.

Plaintiffs seek a deposition of Lt. Lopez to ask him: (1) the effect if any of the March 2, 2010 note on the decision to arrest B.J.; (2) the information Lt. Lopez possessed regarding the release of B.J. from the hospital and the information Lt. Lopez possessed regarding B.J.'s mental

4

status; and (3) whether a district attorney told Lt. Lopez before he arrested B.J. that there was no probable cause to arrest B.J.

    A. <u>The effect if any of the March 2, 2010 note on the decision to arrest B.J.</u>

In his affidavit, Lt. Lopez details several pieces of information that he received that led to his decision to arrest B.J. *See* Affidavit of Defendant Lt. Lopez, portions of which are attached hereto as Exhibit B. Yet, the Plaintiffs continue to harken back to a March 2, 2010 note that Lt. Lopez has stated was given to him by Assistant Principal Devanna Ortega, and that Ms. Ortega verifies that she gave to him. *See* Exhibt B at ¶¶19-20. In her affidavit, Ms. Ortega testified that, prior to B.J.'s arrest, she gave Defendant Lt. Lopez a copy of a note that was brought to her attention in the Spring of 2010. *See* ¶19 of the Affidavit of Devanna Ortega, relevant portions of which are attached hereto as Exhibit C. In his affidavit, Defendant Lt. Lopez acknowledges receiving this handwritten note, a copy of which is attached to his affidavit. *See* Exhibit B at ¶¶ 18 and 19. Lt. Lopez does not make any representations about the note other than the note was given to him by Ms. Ortega before the arrest of B.J.

The note was turned over to the Plaintiffs' attorneys on July 12, 2012 as part of the Espanola Police Department file on B.J. *See* Exhibit D. Plaintiffs have had eight (8) months to perform an investigation into this note given its relevance to the case at hand. Instead of coming to this Court with their findings about the note and how their findings warrant further discovery into how the note affected the decision to arrest B.J., Plaintiffs simply state they want to question Lt. Lopez about it. What are the "probable facts" that Plaintiffs feel they will discover regarding the note by deposing Lt. Lopez? How are those "probable facts" relevant to the Qualified Immunity Motion? What steps have been taken to obtain those facts? Why would those facts preclude summary judgment? How would those facts enable the Plaintiffs to meet their burden in opposing summary judgment? Because those questions remain unanswered, the Plaintiffs are

5

not entitled to additional discovery on the matter. *See Martinez*, Exhibit A at page 2 (in a Rule 56 affidavit, the movant must tell the court <u>specifically</u> what they seek to discover and how such information is connected to the validity of the qualified immunity defense).

  B. <u>The information Lt. Lopez possessed regarding the release of B.J. from the hospital and the information Lt. Lopez possessed regarding B.J.'s mental status.</u>

Plaintiffs ask to depose Lt. Lopez to find out "exactly what information Lopez had that lead him to believe that B.J. had 'escaped' from St. Vincent Hospital and what investigation Lopez conducted to determine the truth of what he had heard about any escape or about B.J.'s mental health status." *See* page 8 of Plaintiffs' Objections. Plaintiffs claim they need to discover "the source and reliability" of the information Lt. Lopez received. *See* page 8 of Plaintiffs' Objections. In his affidavit, Lt. Lopez testified that he was concerned because he heard B.J. was calling his girlfriend to pick him up from the hospital. *See* Exhibit B at ¶23. Lt. Lopez then stated that it concerned him that a minor (B.J.) was attempting to leave St. Vincent by calling another minor to pick him up (the girlfriend). Exhibit B at ¶25. The concern was based on Lt. Lopez's belief that a minor cannot be legally discharged from a hospital into the care of another minor. *Id.* Lt. Lopez has listed his sources of the information he received that B.J. was attempting to leave St. Vincent's without permission—the girlfriend herself and the girlfriend's father. *See* Exhibit B at ¶¶22-23. Yet, Plaintiffs have performed no investigation on their own about the reliability of said sources nor have the Plaintiffs identified what probable facts they believe they will obtain regarding said reliability in deposing Lt. Lopez.

  1. PLAINTIFFS FAIL TO LIST ANY **PROBABLE FACTS** NOT AVAILABLE

Plaintiffs fail to describe the probable facts that they believe they will discover by questioning Lt. Lopez with respect to B.J.'s release from St. Vincent and B.J.'s mental status. Instead of listing the probable facts they expect to uncover through discovery, the Plaintiffs wish

6

to go on a fishing expedition to "make" their case. A party requesting additional discovery under Rule 56 must specify <u>particular testimony</u> the party expects to discover. *B.T. v. Davis*, 557 F.Supp.2d 1262, 1286-1287 (D.N.M. 2007), *quoting Schaefer v. Antill*, No. CIV 06-0460 JB/ACT, 2007 U.S. Dist. LEXIS 16853, *46 (D.N.M. Jan. 31, 2007). In his affidavit, Lt. Lopez has described in detail the information he had regarding B.J.'s release from St. Vincent, and Lt. Lopez had stated in answers to previous discovery whether he took steps to discovery B.J.'s mental health status prior to B.J.'s arrest. The Plaintiffs' Interrogatory No. 17 asked whether Lt. Lopez "at the time of the incident of subject matter…inquire about B.J.'s mental, emotional, or physical state at the time of release from evaluation or recommended treatment plan?" Lt. Lopez answer "no." *See* Exhibit E. This begs the question of what facts the Plaintiffs feel they will "probably" obtain on this matter by deposing Lt. Lopez.

> 2. PLAINTIFFS FAIL TO SHOW THE **RELEVANCE** OF "EXACTLY WHAT INFORMATION LOPEZ HAD THAT LEAD HIM TO BELIEVE THAT B.J. HAD 'ESCAPED' FROM ST. VINCENT HOSPITAL AND WHAT INVESTIGATION LOPEZ CONDUCTED TO DETERMINE THE TRUTH OF WHAT HE HAD HEARD ABOUT ANY ESCAPE OR ABOUT B.J.'S MENTAL HEALTH STATUS."

As explained above, Lt. Lopez set forth in his affidavit the information he obtained that lead him to believe that B.J.'s was attempting to leave the hospital without permission. Lt. Lopez also states in his probable cause statement that, <u>before the arrest of B.J.</u>, he learned that B.J. did not leave the hospital with his girlfriend but instead was released into the custody of his mother. *See* last page of Exhibit 5 to Affidavit of Lt. Lopez which is attached hereto as Exhibit B. Indeed, in the Qualified Immunity Motion, Defendants state "[w]hile <u>Lt. Lopez learned that B.J. had been released to his mother from St. Vincent's hospital</u>, Lt. Lopez was informed by B.J.'s mother that she was fearful of B.J. The school psychologist informed Lt. Lopez of

behavior where [the mother] was acting like a child around B.J.." *See* page 23 of the Qualified Immunity Motion [Doc. 27] (emphasis added).

The Defendants' argument is that "the fact that [B.J.] had been released to [his mother] was no guarantee that [B.J,] would not return to school to act out the events depicted in the drawings and writings that contained names of fellow students." *See* page 20 of the Qualified Immunity Motion [Doc. 27]. Clearly, Defendants are not arguing that they are entitled to qualified immunity because they reasonably believed that B.J. had escaped from the hospital. Thus, "exactly what information Lopez had that lead him to believe that B.J. had 'escaped' from St. Vincent's Hospital and what investigation Lopez conducted to determine the truth of what he had heard about any escape" is completely irrelevant to the Qualified Immunity Motion.

Furthermore, as to whether Lt. Lopez inquired about B.J.'s mental status prior to arresting B.J., Plaintiffs do not cite any authority that the failure to contact a potential arrestee's mental health provider, before arresting the individual, would be a constitutional violation. Thus, the information sought by Plaintiff does not help with the clearly established law prong. *See Martinez*, Exhibit A at page 3. In other words, the law is not clearly established that, even if there were a way for Lt. Lopez to contact the psychiatric hospital to inquire about B.J.'s mental state prior to B.J.'s arrest, there would be a constitutional error for failing to do so. Thus, the inquiry of whether it was an option open to Lt. Lopez is irrelevant to the issues raised in the Defendants' Qualified Immunity Motion.

3. **PLAINTIFFS HAVE NOT DESCRIBED THE STEPS TAKEN TO OBTAIN THE FACTS** SURROUNDING WHAT LED LT. LOPEZ TO BELIEVE THAT "B.J. HAD 'ESCAPED' FROM ST. VINCENT HOSPITAL AND WHAT INVESTIGATION LOPEZ CONDUCTED TO DETERMINE THE TRUTH OF WHAT HE HAD HEARD ABOUT ANY ESCAPE OR ABOUT B.J.'S MENTAL HEALTH STATUS."

Plaintiffs have utterly failed to describe any efforts to obtain the facts they seek. If Plaintiffs want to "investigate" what formed Lt. Lopez's belief regarding B.J. and his release from St. Vincent, they can talk to the persons that Lt. Lopez identified in his affidavit. Furthermore, Plaintiffs can interview the persons at St. Vincent that had contact with B.J. while he was there. Even though the Qualified Immunity Motion has now been pending for nearly five (5) months, it appears that the Plaintiffs have conducted no investigation on their own into the facts set forth in that Qualified Immunity Motion. Plaintiffs are required to come to this Court and affirmatively state the facts they believe they will be able to establish by deposing Lt. Lopez. Instead, the Plaintiffs have nothing <u>specific</u> to offer, and vaguely state they seek "the information Lt. Lopez possessed regarding the release of B.J. from the hospital and the information Lt. Lopez possessed regarding B.J.'s mental status information." Plaintiffs have been given this information.

4. **PLAINTIFFS HAVE FAILED TO SHOW WHY FACTS PRECLUDING SUMMARY JUDGMENT CANNOT BE PRESENTED** AND HAVE FAILED TO STATE WITH *SPECIFICITY* HOW THE DESIRED TIME WOULD ENABLE THEM TO MEET THEIR BURDEN IN OPPOSING SUMMARY JUDGMENT

In his affidavit, Lt. Lopez details exactly what he heard, saw, and did during the forty-six hours leading to B.J.'s arrest. Plaintiffs are free to argue in their response to the Qualified Immunity Motion that steps he did not take (such as call the hospital to determine B.J.'s mental status) argue against qualified immunity. However, as to deposing Lt. Lopez for this information, Defendants ask "what are the 'probable facts' that Plaintiffs feel they will discover

9

regarding the 'escaped' rumor or B.J.'s mental status"? How are those "probable facts" relevant to the Qualified Immunity Motion? What steps have been taken to obtain those facts? Why would those facts preclude summary judgment? How would those facts enable the Plaintiffs to meet their burden in opposing summary judgment? Because those questions remain unanswered, the Plaintiffs are not entitled to additional discovery on the matter. *See Martinez*, Exhibit A at page 2 (in a Rule 56 affidavit, the movant must tell the court <u>specifically</u> what they seek to discover and how such information is connected to the validity of the qualified immunity defense).

    C. <u>Whether a district attorney told Lt. Lopez before he arrested B.J. that there was no probable cause to arrest B.J.</u>

The Compliant in this case was filed on April 24, 2012. *See* Complaint attached to Petition for Removal of Cause to Federal Court [Doc. 1]. Nowhere is there an allegation that Lt. Lopez was told by a district attorney, prior to B.J.'s arrest, that Lt. Lopez did not have probable cause to arrest B.J.. The Joint Status Report and Provisional Discovery Plan was filed on July 12, 2012 [Document 11]. Nowhere in the Plaintiffs' Contentions is there an allegation that Lt. Lopez was told by a district attorney, prior to B.J.'s arrest, that Lt. Lopez did not have probable cause to arrest B.J. On September 6, 2012, Plaintiffs served on Lt. Lopez a first set of interrogatories [Document 22]. Nowhere did Plaintiffs ask Lt. Lopez whether he was told by a district attorney, prior to B.J.'s arrest, that Lt. Lopez did not have probable cause to arrest B.J.

For the first time, in Plaintiffs' Motion for Limited Discovery filed December 18, 2012, Plaintiffs' counsel states he has "a reasonable basis to believe" Lt. Lopez was told by the District Attorney's Office that he had no probable cause to arrest B.J. <u>prior to his arrest</u>. [Doc. 36] However, Plaintiffs provide absolutely no evidence that this occurred--- not a notation in a file, not an affidavit, not a news report. Plaintiffs fail to reveal <u>any</u> basis for this claim. If "counsel

10

has a reasonable basis to believe that one or both Assistant District Attorneys (ADAs) told Officer Lopez that there was no probable cause to arrest B.J. prior to his arrest," then counsel should provide an affidavit from the ADAs with Plaintiffs' response to Defendants' Qualified Immunity Motion. Costly depositions are not warranted, especially in response to unfounded factual allegations.

**II. Plaintiffs' arguments are not grounded in the Rule 56(d)(2) standard.**

In place of (1) identifying the probable facts not available; (2) stating their relevance; (3) stating what steps have been taken to obtain those facts; (4) explaining why facts precluding summary judgment cannot be presented; and (5) stating with specificity how the desired time would enable the nonmoving party to meet its burden in opposing summary judgment, Plaintiffs set forth arguments irrelevant to a request for limited discovery under Rule 52(d)(2).

> A. The relevant inquiry is not whether the Defendants had arguable probable cause to arrest B.J. for attempted murder, the relevant inquiry is whether the Defendants had arguable probable cause to arrest B.J. on *any* grounds.

On page two (2) of Plaintiffs' Opposition, Plaintiffs state that their claim is "that the decision to charge B.J. with attempted murder deprives him of his Fourth Amendment rights." Plaintiffs appear to be arguing the existence of a new constitutional violation- unconstitutionally overcharging an individual. To begin with, the State, not a law enforcement officer, brings criminal charges against individuals. Secondly, Defendants' counsel knows of no cause of action under the Fourth Amendment for unconstitutionally "overcharging" a person in a criminal complaint. Finally, as stated in Defendants' Qualified Immunity Motion, '[a]n arrest is not invalid under the Fourth Amendment simply because the police officer subjectively intended to base the arrest on an offense for which probable cause is lacking, so long as the circumstances, viewed objectively, justify the arrest." *Apodaca v. City of Albuquerque*, 443 F.3d 1286, 1289 (10th Cir. 2006). "All that matters is whether he possessed knowledge of evidence that would

11

provide probable cause to arrest [the arrestee] on <u>some</u> ground." *Id.* (emphasis by the court). In their Qualified Immunity Motion, the Defendants do not rely solely on the "attempted murder" crime to show arguable probable cause.

B. <u>Plaintiffs do not have an unfettered right to "cross-examine" Lt. Lopez</u>.

Plaintiffs claim they have a right to "cross examine" Lt. Lopez. *See* page 3 of the Plaintiffs' Objections. Yet, under the Rule 56(d)(2) standard, the Plaintiffs still must set forth with specificity the facts they claim will come from said cross examination. If the Plaintiffs were entitled to such an unfettered right under Rule 56(d)(2), there would be no standards for additional discovery other than whether the proposed deponent is a "state actor involved in the alleged violation." *See* page 3 of the Plaintiffs' Objections. Yet the constraints of Rule 56(d)(2) are much more restrictive. Plaintiffs must state with <u>specificity</u> what <u>probable</u> facts they believe they will discover.[1] Plaintiffs must have had some good faith basis for filing their lawsuit. Now is the time to reveal what facts they believe negate arguable probable cause and why the deposition of Lt. Lopez is needed to prove those specific facts. Plaintiffs cannot simply claim a right to "cross examine" the state actors. The Plaintiffs are required to <u>specifically state what they claim Lt. Lopez knew or should have known that negates his argument that he had arguable probable cause</u>. Lt. Lopez has set forth in detail everything he knew during those forty-six hours leading to B.J.'s arrest. Plaintiffs have failed to set forth any specific facts they claim Lt. Lopez should have known, facts that would negate Lt. Lopez's claim he had arguable probable cause to arrest B.J.. A deposition of Lt. Lopez certainly will not reveal any such facts to Plaintiffs.

---

[1] Upon information and belief, the Plaintiffs' attorneys did interview Lt. Lopez prior to filing the present lawsuit. Defendants' attorney is informed that Lt. Lopez met with Shannon Kennedy, Esq., brought her the police file on the incident, and answered any questions she had regarding the incident. This fact makes it even more puzzling that Plaintiffs' attorneys cannot come up with even one specific probable fact they hope to discover by performing a formal deposition of Lt. Lopez.

### III. Conclusion

The general principle of Rule 56(d) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to its opposition." *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). If the party moving for summary judgment has exclusive control of information essential to the non-movant's opposition to the motion for summary judgment, additional discovery is warranted. *Id.* The Rule 56(d) affidavit <u>must</u> identify the probable facts not available and what steps have been taken to obtain those facts. *Id.*

Here the bulk of the information sought by the Plaintiffs is not in the Defendants' exclusive control, and the Plaintiffs have utterly failed to set forth what steps have been taken to obtain those facts that are not in the exclusive control of the Defendants. As to the information that is in Defendants' exclusive control, said information has already been given to Plaintiffs through answers to interrogatories or is irrelevant to the motion for summary judgment.

"[Q]ualified immunity 'protects public officials not only from liability, but from the burdens of discovery and litigation as well.'" *B.T. v. Davis*, 557 F.Supp.2d 1262, 1286 (D.N.M. 2007), *quoting DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993). Because Plaintiffs have not identified what they expect to find and how what they expect to find would enable them to meet their burden in opposing summary judgment, the request for additional discovery must be denied.[2] *B.T. v. Davis*, 557 F.Supp.2d at 1286. "Once the qualified immunity defense has been raised, the Court must not let a plaintiff use discovery as a fishing expedition to flesh out the merits of his claim." *Id.*

---

[2] If this Court were inclined to allow limited discovery, Defendants request that only the less-costly option of a second set of interrogatories be allowed.

13

The Plaintiffs have failed to show they are entitled to a modification of Judge Garcia's ruling because, after review of the Plaintiffs' argument and Judge Garcia's ruling, one is not "left with the definite and firm conviction that a mistake has been committed" by Judge Garcia. *See Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) *quoting United States v. United States Gypsum Co,*, 333 U.S. 364, 395 (1948).

**WHEREFORE**, Defendants respectfully request that this Court affirm Magistrate Judge Garcia's Memorandum Opinion and Order Denying Plaintiffs' Request for Limited Discovery.

Respectfully Submitted,
*Electronically Filed*
*/S/ Katherine A. Basham*
Katherine A. Basham
Basham & Basham, P.C.
Attorneys for Defendants
2205 Miguel Chavez Rd., #A
Santa Fe, New Mexico 87505
(505) 988-4575
kbasham@bbpcnm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of April, 2013, I filed the foregoing pleading which caused counsel of record to be served by electronic means, as more fully reflected on the Notice Of Electronic Filing:

Shannon Kennedy
The Kennedy Law Firm
1000 Second Street, NW
Albuquerque, New Mexico 87102

*Electronically Filed*
*/S/ Katherine A. Basham*