IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

T.J. and C.J., on behalf of their minor child B.J.

    Plaintiffs,

v.                                        Case No. 12-CV-00565 KJG/LFG

Danny Pacheco, et al.,

    Defendants.

### DEFENDANT CITY OF ESPANOLA'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW the Defendant City of Espanola (City), by and through its attorneys, Basham & Basham, P.C. (Katherine A. Basham, Esq.), and hereby move this Court to enter summary judgment in its favor on complaint filed herein. As grounds for this motion, the City states that the Plaintiffs did not send the City a Tort Claims Notice as required under the New Mexico Tort Claims Act (NMSA 1978 §41-4-16 (1977)).

**I. Undisputed Material Facts**

1. All claims Plaintiffs assert against the City are tort claims (Battery, False Imprisonment, Defamation, and Negligence). *See* Counts II and III of Complaint for Recovery of Damages Due to Deprivation of Civil Rights, False Imprisonment, and Defamation, (Attachment 1 to Defendants' Petition for Removal) filed here on May 24, 2012 [Doc. 1] (Plaintiffs' Complaint).

2. The events upon which the Plaintiffs base their tort claims occurred September 7, 2010 through September 9, 2010. *See* pages 4-7 of the Plaintiffs' Complaint.

3. No tort claim notice was delivered to the City. *See* Affidavit of Tessa Jo Mascarenas, attached hereto as Exhibit A.

**II. Argument**

Under Section 16 of the New Mexico Tort Claims Act, "[n]o suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public policy unless notice has been given as required under this section, or unless the governmental entity had actual notice of the occurrence." 41-4-16 (B). Notice must be written, state the time, place and circumstance of the loss or injury and must be presented to the mayor of the municipality against which the person claims damages. 41-4-16 (A).

"Once the movant has made a prima facie showing that he is entitled to summary judgment on the issue of notice, it is incumbent on the party opposing the motion to demonstrate the existence of a triable issue." *Dutton v. McKinley Cty Bd. of Commrs*, 113, N.M. 51, 52-53, 822 P.2d 1134, 1135-1136 (Ct. App. 1991), *citing Frappier v. Mergler*, 107 N.M. 61, 752 P.2d 253 (Ct.App.1988). Attached hereto is an affidavit from the City of Espanola's City Clerk. The clerk's duties included forwarding notice of tort claims against the City to the appropriate insurance carrier. However, the City never received a Tort Claims Notice with respect to the arrest of B.J. *See* UMF 3

**WHEREFORE**, Defendant City of Espanola respectfully request that the Court enter summary judgment in its favor on the complaint.

        Respectfully Submitted,
*Electronically Filed*
*/s/   Katherine A. Basham*
Katherine A. Basham
Mark A. Basham
Basham & Basham, P.C.
Attorneys for Defendants
2205 Miguel Chavez Rd., #A
Santa Fe, New Mexico 87505
(505) 988-4575; kbasham@bbpcnm.com

### CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of November, 2013, I filed the foregoing pleading electronically through the CM/ECF System, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shannon Kennedy
The Kennedy Law Firm
1000 Second Street, NW
Albuquerque, New Mexico, 87102

*Electronically Filed*
*/s/   Katherine A. Basham*
Katherine A. Basham