IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Billy Jones,**

      **Plaintiffs**

vs.                                                   12-CV-00565 KJG/LFG

**Danny Pacheco, et al.,**

      **Defendants,**

**PLAINTIFF'S RESPONSE TO DEFENDANT CITY OF ESPANOLA'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT**

      COMES NOW Plaintiff by and through counsel, The Kennedy Law Firm, and hereby responds to Defendants Motion for Summary Judgment. In support of his response, Plaintiff states as follows:

**I.     Response to Defendants Undisputed Material Facts**

1.     Disputed. Plaintiff asserts violations of the Americans with Disabilities Act in Count IV of his amended complaint. Exhibit 1, Motion to Amend Complaint with Exhibit. Plaintiff's motion requesting to amend his complaint is still pending.

2.     Undisputed.

3.     Immaterial. Plaintiff was a minor during the events in question and was not required to give notice. (See <u>Tafoya v. Doe</u>, 100 N.M. 328, 331-32 (Ct. App. 1983) where the court held it unconstitutional to apply the 90 day notice period to minors).

**II.     Additional Statement of Undisputed Facts**

4.     Plaintiff was a minor at all material times. See Plaintiff's Complaint, at ¶1.

**III.     Argument**

The New Mexico Court of Appeals decided whether the NMTCA's 90-day notice provision could be applied to minors in Tafoya v. Doe, 100 N.M. 328, 331-32 (Ct. App. 1983) (analyzing NMSA 1978, § 41-4-16). In that case, a baby was injured at birth and notice of her claim was not given until 11 months later. The court held that the notice provision was void as violating the baby's due process rights. Id. at 332 (stating application of notice provision to 11 month old baby was unreasonable because baby was absolutely unable to comply with it). The court expressly declined to decide whether the burden of giving notice could be placed on another. Id.

That issue was addressed again in Rider v. Albuquerque Pub. Schs., 1996-NMCA-090, 122 N.M. 237, 923 P.2d 604. The child in Rider was a six-year-old first grader, incapable of acting on her own behalf. Id. ¶ 2. The district court below, however, dismissed the child's claims on grounds that she had been in the custody of her grandparents, who were fully capable of giving notice on her behalf. Id. ¶ 4. The Court of Appeals reversed the district court and held that the grandparents were not required to give notice lest the child suffer the consequences of parental or custodial neglect, because the Legislature had chosen not to expressly require a parental or custodial duty of giving notice. Id. ¶¶ 9, 11-15.

The court's reasoning in Rider was applied to the analysis of a minor child's tort claims in the context of Section 41-4-15 could act to bar the minor plaintiff's claim against a state university hospital for injuries he received as a result of its alleged negligence where the plaintiff filed his complaint more than six (6) years after the occurrence about which he complained. Id. ¶¶ 1-2. In reliance on Rider, the court held that the application of Section 41-4-15 to bar the minor plaintiff's claims would violate his due process rights. Id. ¶¶ 10,11; see also Jaramillo v.

Heaton, 2004-NMCA-123, ¶ 19, 136 N.M. 498 (holding that provision of Medical Malpractice Act requiring a minor who experiences malpractice before the age of six bring a claim under the Act by his or her ninth birthday violated due process rights of child).

The courts of this State have a "long tradition of interpreting laws carefully to safeguard minors." Rider, 1996-NMCA-090, ¶ 13, 122 N.M. 237, 923, P.2d 604. The reasonableness standard articulated in *Jaramillo*, is part of that tradition. See Jaramillo, 2001-NMCA-024, ¶ 7, 130 N.M. 256, 23 P.3d 931; see also Jaramillo v. Heaton, 2004-NMCA-123, ¶¶ 9, 19, 136 N.M. 498, 100 P.3d 204 (applying the reasonableness standard in holding the three-year statute of limitation found in the Medical Malpractice Act violated a minor's due process rights). This standard is meant to protect children whose claims involve "the special disability of being a minor" Jaramillo, 2001-NMCA-024, ¶ 8, 130 N.M. 256, 23 P.3d 931. Minors are entitled to such protection because "as a matter of due process, a child who is incapable of meeting a statutory deadline cannot have the deadline applied to bar the child's right to legal relief." *Id.* ¶ 10 (citing Rider, 1996-NMCA-090, 122 N.M. 237, 923 P.2d 604).

Under these unique facts, one can only agree with the New Mexico Court of Appeals and New Mexico Supreme Court that absent some legislatively imposed duty, we cannot presume that parents will adequately care for their child by filing such a claim or notice in a timely manner. See Jaramillo, 2001-NMCA-024, ¶5, 130 N.M. 256, 23 P.3d 931 (citing Rider, 1996-NMCA-090, ¶¶ 9, 11-15, 122 N.M. 237, 923 P.2d 604). "Common experience teaches us differently. It would be a poor policy choice for our Legislature to penalize a child, already injured, for the subsequent neglect of that child's parent in failing to file suit in a timely manner. And such a choice becomes all too arbitrary in due process terms when one realizes that the

parent who was supposed to file a timely suit on J.C.'s behalf is the same parent who, when incarcerated, left her daughter with the boyfriend who then sexually assaulted her. For these reasons, Section 41-4-15, as applied to J.C. violates her right to due process of law and cannot bar her claim under the TCA." "Accordingly we conclude that the two-year statute of limitations in the TCA violates J.C.'s due process rights, and does not apply to bar her claim." See <u>Campos v. Murray</u>, 139 N.M. 454 (2006)(United States District Court for the District of New Mexico, Bruce D. Black, certified questions to NM Supreme Court and NMSC held that application of two-year statute of limitations violated due process rights of child sexually assaulted at eight years old.). Therefore, Defendants contention that this court lacks subject matter jurisdiction is erroneous and ignores clearly established law, because Plaintiff was not bound to give notice within 90 days as a matter of law.

## IV.     CONCLUSION

Plaintiffs request that this Court deny Defendants motion to dismiss. A federal claim is currently pending before this court which precludes an absolute dismissal, and it would violate Plaintiff's due process rights to dismiss his state tort claims.

Respectfully Submitted,

***/s/ Joseph P. Kennedy***
Joseph P. Kennedy
Shannon L. Kennedy
KENNEDY LAW FIRM
1000 2nd St. NW
Albuquerque, New Mexico 87102
(505) 244-1400 (505)244-1406 fax

I hereby certify that a true and correct copy of the foregoing was served upon opposing counsel on the day of its filing via the CME/CF filing system.

>  ***/s/ Joseph P. Kennedy***
> Joseph P. Kennedy