FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

JAN 0 9 2014
3:00 p—
MATTHEW J. DYKMAN
CLERK



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

T.J. and C.J., on behalf of their
minor child B.J.,

    Plaintiffs,

v.                                    No. 12-cv-0565 KG/SMV

DANNY PACHECO,
RICHARD GALLEGOS,
CHRISTIAN LOPEZ,
and CITY OF ESPAÑOLA,

    Defendants.

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiffs' Objections to Memorandum Opinion and Order of Magistrate Judge Denying Plaintiffs' Motion for Limited Discovery [Doc. 44], filed on March 25, 2013. Plaintiffs object to United States Magistrate Judge Lorenzo F. Garcia's Memorandum Opinion and Order Denying Plaintiffs' Motion for Limited Discovery [Doc. 42] ("MOO"), filed on March 7, 2013. Defendants filed a response to Plaintiffs' objections on April 2, 2013. [Doc. 46]. Plaintiffs filed a reply on April 19, 2013. [Doc. 49]. The Court, having considered the briefing and relevant law, FINDS that Plaintiffs' objections are without merit and are therefore OVERRULED.

## BACKGROUND

Plaintiffs initiated this case on behalf of their minor child, B.J., for alleged civil rights violations stemming from his arrest on September 9, 2010.[1] [Doc. 1-1] at 1–12. On September 7, 2010, B.J. was searched in the principal's office at his school. [Doc. 11] at 3. In the course of the search of his backpack and person, violent drawings and a sheet of paper entitled "List for Hell" were found. [Doc. 36] at 2. B.J.'s mother was called, and during an interview with school officials and Defendant Lopez, a law enforcement officer, she allegedly reported that B.J. had violent tendencies and had recently assaulted her. [Doc. 39-2] at 1–2. School officials also showed Defendant Lopez a handwritten note dated March 2, 2010, from another student stating that B.J. had threatened to kill her. [Doc. 39-1] at 7–9. Arrangements were made for a psychiatric evaluation at Christus St. Vincent's Hospital ("St. Vincent's"). Apparently, that day, B.J. was admitted to St. Vincent's psychiatric unit, and also on that day, he left the unit. Defendants contend that they feared he had left without permission because he had called another minor student for a ride home, whereas Plaintiffs argue he was properly discharged. *Compare* [Doc. 36] at 4, *and* [Doc. 11] at 4–5, *with* [Doc. 36-1] at 6–7, *and* [Doc. 39-2] at 2.

According to a report authored by Defendant Lopez, on September 8, 2010, he was informed by Defendant Pacheco that B.J. had "escaped" from St. Vincent's. [Doc. 36-1] at 6. "Because of the fear . . . that [B.J.] would act out his written threats and because he was said to have escaped," Defendant Lopez drafted a statement of probable cause and obtained permission

---

[1] Plaintiffs have moved to substitute Billy Jones, now an adult, as Plaintiff. [Doc. 56].

2

from B.J.'s juvenile probation officer to immediately arrest B.J. [Doc. 36-1] at 6–7; [Doc. 39-1] at 8. Defendant Gallegos attempted to locate and arrest B.J. on that day but was not successful. [Doc. 36-1] at 7.

On September 9, 2010, a fire alarm was activated at B.J.'s high school, and the school received an anonymous report that a student on campus was carrying a handgun in his backpack. [Doc. 39-2] at 4. While the school was being placed on lockdown, Defendant Gallegos located B.J. at another mental health facility and arrested him. [Doc. 36-1] at 8.

Count One of Plaintiffs' Complaint asserts unlawful arrest, unlawful seizure, and excessive force against Defendants Pacheco, Lopez, and Gallegos. [Doc. 1-1] at 7. On November 9, 2012, Defendants moved for summary judgment on Count One based on qualified immunity and sought a stay of discovery. [Docs. 27, 28]. Judge Garcia stayed discovery in the case. [Doc. 30]. Plaintiffs moved for limited discovery pursuant to Rule 56(d), arguing that they needed short depositions of Defendant Pacheco, Defendant Lopez, two assistant district attorneys, and a representative from St. Vincent's in order to respond to the qualified immunity motion.[2] [Doc. 36] at 5. Plaintiffs sought discovery limited to three areas: (1) whether the March 2, 2010 note had any effect on the decision to arrest B.J., (2) whether Defendant Lopez had sufficient information regarding B.J.'s mental health or had taken steps to ascertain whether B.J. had left St. Vincent's without permission, and (3) whether either of the assistant district attorneys had told Defendant Lopez that there was no probable cause prior to the arrest. [Doc. 36] at 3–5. Judge Garcia denied Plaintiffs' request for limited discovery, noting that the

---

[2] Plaintiffs' motion for limited discovery confusingly states that Plaintiffs seek to depose the psychiatrist who evaluated B.J., [Doc. 36] at 4, but later states that they only seek a deposition from a representative to "testify how an [officer] could discover the medical status of a patient and whether the patient escaped from the facility," *id.* at 5.

information Plaintiffs sought would not assist them in overcoming qualified immunity, because it only sought to retrospectively second-guess the "split-second judgment call" made by police officers and would not answer the question of whether officers had probable cause to make an arrest on any grounds. [Doc. 42] at 12–14, 16. Additionally, Judge Garcia denied the discovery request because Plaintiffs had failed to identify (1) the probable facts not available to them, (2) any steps taken to obtain the unavailable facts, and (3) how the material requiring additional discovery would rebut the summary judgment motion. *Id.* at 16.

## LEGAL STANDARDS

To obtain limited discovery under Rule 56(d), a party must (i) file an affidavit that (ii) explains why facts precluding summary judgment cannot be presented; (iii) identify the probable facts not available, their relevance, and what steps have been taken to obtain those facts; and (iv) state with specificity how the additional material sought will rebut the summary judgment motion. *Garcia v. U.S. Air Force*, 533 F. 3d 1170, 1179 (10th Cir. 2008). While a party's motion under Rule 56(d) "should be liberally treated" unless it is "dilatory or lacking in merit," *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1553–54 (10th Cir. 1993), Rule 56(d) "is not a license for a fishing expedition." *Lewis v. Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990). A party may not prevail on a Rule 56(d) request by simply asserting that discovery is incomplete. *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007).

Review of a magistrate judge's ruling is required by the district court when a party timely files written objections. Because discovery is a nondispositive matter, objections to discovery

4

rulings are reviewed under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). *Hutchinson v. Pfiel*, 105 F.3d 562, 566 (10th Cir. 1997). In reviewing such objections, "the district court must defer to the magistrate judge's ruling unless it is clearly erroneous or contrary to law." *Id.* The clearly erroneous standard "requires that the reviewing court affirm unless [the court,] on the entire evidence[,] is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1998) (internal quotation marks omitted).

## DISCUSSION

Plaintiffs raise a litany of objections to Judge Garcia's MOO, all of which miss the mark. First, Plaintiffs object to the factual findings in the Background and Present-Motion-and-Briefing sections of the MOO and seek de novo review of those factual findings. [Doc. 44] at 5. Second, Plaintiffs argue that they demonstrated all requirements to receive limited discovery under Rule 56(d). *Id.* at 12. Third, Plaintiffs argue that Judge Garcia improperly inserted a subjective element into the objective qualified-immunity standards under the Fourth Amendment either by relying on Defendants' subjective beliefs or by drawing an analogy to the school shooting at issue in *Armijo v. Peterson*, 601 F.3d 1065 (10th Cir. 2010).[3] *Id.* at 2. Fourth, Plaintiffs argue that Judge Garcia improperly characterized Plaintiffs' discovery request as an attempt to "second

---

[3] Plaintiffs' objections on this matter are difficult to ascertain. Plaintiffs argue that Judge Garcia laid out an objective standard but then "indicate[d] that it is the subjective beliefs of the officers involved at the time of the alleged constitutional violation was committed that matter . . . ." [Doc. 44] at 2. Plaintiffs do not elaborate how or where Judge Garcia indicated that the subjective beliefs of the officers were at issue. Additionally, Plaintiffs argue that Judge Garcia improperly "insert[ed] into [the objective standard announced in *Graham v. Connor*, 490 U.S. 386 (1989)] implications of the subjective fear Defendants might have had based on events that had not even occurred at the time of the events that gave rise to this case." *Id.* Plaintiffs do not specify which "events that had not occurred" they are referring to, but do cite to page 15 of the MOO where Judge Garcia discusses *Armijo v. Peterson*.

guess police officers' split-second judgment call." *Id.* at 7. Fifth, Plaintiffs argue that Judge Garcia's implicit reliance on Defendant Lopez's "bare bones affidavit" was improper. *Id.* at 8. Lastly, Plaintiffs also argue, for the first time, that since B.J. was charged with attempted murder, discovery is necessary to ascertain what overt act officers believed B.J. had committed in furtherance of his attempt. *Id.* at 10. The Court reviews each objection in turn for clear error. *See* 28 U.S.C. §636(b)(1)(A).

Plaintiffs' first argument—that they are entitled to de novo review of Judge Garcia's factual findings—is incorrect as a matter of law. To the extent that Judge Garcia made any factual findings,[4] those findings would be subject to review under the clear error standard. *See Hutchinson*, 105 F.3d at 566. Furthermore, Plaintiffs have alleged no clear error in Judge Garcia's factual findings. Because the Court does not have "a definite and firm conviction that a mistake has been committed," *see Ocelot Oil Corp.*, 847 F.2d at 1464, Plaintiffs' first objection is overruled.

Plaintiffs' second objection—that they demonstrated all requirements to receive limited discovery under Rule 56(d)—is conclusory. Judge Garcia properly laid out the Rule 56(d) standard. *See* [Doc. 42] at 6 (citing *Garcia*, 533 F.3d at 1179). He then denied the discovery request because Plaintiffs had failed to identify (1) the probable facts not available to them, (2) what steps they took to obtain those purported facts, (3) how additional material would rebut the summary judgment motion. *Id.* at 16. In their briefing, Plaintiffs listed verbatim 20 undisputed facts from Defendants' qualified immunity motion that they hoped to controvert

---

[4] The Court notes that Judge Garcia did not make any explicit factual findings. Instead, Judge Garcia provided the background section to contextualize his analysis. Furthermore, on review of the contested sections of the MOO, the Court notes that Judge Garcia took care to present the arguments of both parties where they substantially differed.

6

through additional discovery. [Doc. 40] at 3–5. However, as Judge Garcia noted, Plaintiffs provided no explanation as to how additional discovery might controvert those facts. [Doc. 42] at 10, 16. Having reviewed Plaintiffs' submissions, the Court determines that Plaintiffs failed to state which steps they had already taken to obtain the information sought and how that information would rebut Defendants' motion. Accordingly, the Court finds no clear error with Judge Garcia's determination, and Plaintiffs' second objection is overruled.

Plaintiffs' third objection—that Judge Garcia improperly inserted a subjective element into the objective qualified immunity standard—is without merit. On review of the MOO, Judge Garcia makes clear that the test applied to the "the probable cause inquiry is an objective one" and that an officer's subjective belief and intent are not the basis for determining whether probable cause exists. [Doc. 42] at 12 (citing *Morris v. Noe*, 672 F.3d 1185, 1192–93 (10th Cir. 2012)). Rather, "the inquiry focuses on what information the officers had at [the time of arrest]." *Id.* at 14. Judge Garcia goes on to recount the information available to Defendant Lopez at the time of the arrest. *Id.* Judge Garcia's discussion of the facts in *Armijo* was dicta intended to further illustrate the point that the relevant starting point for the probable cause inquiry is the information available to officers at the time of the arrest, and not subsequently available facts. *Id.* at 15. The Court finds that Judge Garcia identified the correct legal standard, and therefore, his opinion was not contrary to law. Furthermore, the Court finds no clear error with Judge Garcia's application of that standard. Accordingly, Plaintiffs' third objection is overruled.

Plaintiffs' fourth objection—that Judge Garcia improperly characterized Plaintiffs' discovery request as an attempt to "second guess police officers' split-second judgment call"—is

7

misdirected. Regardless of how he characterized the request, Judge Garcia ultimately concluded that Plaintiffs were not seeking information relevant to the evaluation of Defendants' conduct for the purposes of deciding qualified immunity. [Doc. 42] at 14. Furthermore, Judge Garcia provided an alternate ground for denying Plaintiffs' request for discovery. He found that Plaintiffs had failed to specifically identify the probable facts not available and what steps they had taken to obtain them. *Id.* at 16. As previously described, Plaintiffs have not demonstrated clear error regarding that alternate ground. Plaintiffs' fourth objection, therefore, is overruled.

Plaintiffs' fifth argument—that Judge Garcia's implicit reliance on Defendant Lopez's "bare bones affidavit" was improper—is without merit. Courts routinely rely on affidavits in deciding motions. *See* Fed. R. Civ. P. 56(c)–(d) (listing affidavits as materials to be considered in deciding summary judgment motions); *Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (noting that courts may consider the contents of an affidavit so long as such content would ultimately be admissible at trial). Plaintiffs cite no case law for the proposition that a judge may not consider affidavits containing otherwise admissible evidence. Nor do Plaintiffs contest the admissibility of the contents of the Lopez affidavit. The Court further notes that Judge Garcia did not rely solely on the Lopez affidavit in arriving at his conclusions. Judge Garcia's citations to other portions of the record make clear that he considered the affidavit in the context of other evidence and not in isolation. Plaintiffs have not demonstrated that any reliance by Judge Garcia on the affidavit was clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A). Accordingly, Plaintiffs' objection is overruled.

Plaintiffs' sixth objection—that discovery is necessary to ascertain what overt act officers believed B.J. had committed in furtherance of attempted murder—is waived. This argument was raised for the first time in objections to the magistrate judge's ruling and was not included in Plaintiff's original motion. Accordingly, the argument is waived. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to the magistrate judge's report are deemed waived."). Plaintiffs' sixth objection is overruled.

## CONCLUSION

Having reviewed Plaintiffs' objections and finding them to be without merit, **IT IS ORDERED THAT** Plaintiffs' Objections to Memorandum Opinion and Order of Magistrate Judge Denying Plaintiffs' Motion for Limited Discovery [Doc. 44] are **OVERRULED**.

UNITED STATES DISTRICT JUDGE