IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Billy Jones,
    Plaintiff,

v.                                            Case No. 12-CV-00565 KJG/SMV

Danny Pacheco, et al.,
    Defendants.

## DEFENDANT CITY OF ESPANOLA'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT [Doc. 59]

Under Section 16 of the New Mexico Tort Claims Act, "[n]o suit or action for which immunity has been waived under the Tort Claims Act shall be maintained and no court shall have jurisdiction to consider any suit or action against the state or any local public body unless notice has been given as required under this section, or unless the governmental entity had actual notice of the occurrence." NMSA 1978, §41-4-16 (B) (1977). Notice must be written, state the time, place and circumstance of the loss or injury and must be presented to the mayor of the municipality against which the person claims damages. 41-4-16 (A). There is no exception or extension of time for minors under the language of the statute.

In response to Defendant City of Espanola's (herein the "City") motion for summary judgment, Plaintiff concedes he did not file a tort claim notice on his claim, and Plaintiff does not assert that the City had actual notice. *See* Document 62. Instead, Plaintiff argues that imposition of the ninety (90)-day deadline violates his due process rights. While Plaintiff correctly states that he was a minor at the time of his alleged injury, Plaintiff incorrectly asserts that his due process rights are *per se* violated by imposing a statutory deadline on him to give notice of his tort claims. In actuality, New Mexico courts have held that imposition of a statutory deadline for filing a claim, or notice of a claim, on a minor <u>may</u> violate the minor's due process rights <u>if</u> the minor was incapable of meeting the statutory deadline due to his minority

status. "Age is not the sole determinative inquiry in these cases, but it is a primary factor to be taken into account in determining whether the statute of limitations is being reasonably applied." *Campos v. Davis*, 2006-NMSC-020, ¶14, 139 N.M. 454, 134 P.3d 741. For example, it may be reasonable and therefore constitutional to apply the 90-day tort claim notice deadline on a minor if the minor or his guardians consulted with legal counsel within the statutory time period. *See Ferguson v. N.M. State Highway Comm'n*, 1982-NMCA-180, ¶13, 99 N.M. 194, 656 P.2d 244, *overruled on other grounds*, 1982-NMSC-107, 98 N.M. 680, 652 P.2d 230 (wherein the fact that the incapacitated plaintiff has retained counsel before the time for giving notice had run negated any claim that the incapacitated plaintiff's due process rights were violated by application of the deadline for giving notice of his tort to the state); *see also Erwin v. City of Santa Fe*, 1993-NMCA-065, 115 N.M. 596, 599, 855 P.2d 1060 (rejecting the district court's conclusion that any minor solely because of his minor status is not required to give any notice within ninety (90) days under the Tort Claims Act, and explaining that if the minor had retained counsel within the statutory time he could be required to give notice within said time).

While no one disputes the fact that Plaintiff was two-months shy of his sixteenth (16th) birthday when he was allegedly injured, Plaintiff provides no evidence that he could not have filed a tort claim notice within the statutory time, nor does Plaintiff provide any information on when he, or someone on his behalf, first consulted legal counsel regarding his alleged injury. Once the City made a *prima facie* showing that no tort claim notice was provided, it was Plaintiff's burden to show the existence of a genuine issue of material facts on the issue of a denial of due process. *See Howie v. Stevens*, 1984-NMCA-052, ¶18, 102 N.M. 300, 694 P.2d 1365, *overruled in part on other grounds, Schultz v. Pojoaque Tribal Police Dep't*, 2013-NMSC-013, __NM__, __P3d__. "A material fact to the issue of a denial of due process would be that

2

plaintiff <u>could not</u> file suit prior to the expiration of the limitation." *Id.* (emphasis added by court). "Plaintiff's minority <u>does not</u> create an issue as argued by plaintiff." *Id.* (emphasis added). Because Plaintiff has failed to show the existence of a genuine issue of material fact on the issue of a denial of due process, the City is entitled to summary judgment in its favor on all tort claims against it.

Case law cited by Plaintiff involved infants and children under the age of ten (10). In *Rider v. Albuquerque Pub. Sch.*, the plaintiff was a six-year-old child at the time of her injury. *Rider v. Albuquerque Pub. Sch.*, 1996-NMCA-090, ¶2, 122 N.M. 237, 923 P.2d 604. The court distinguished the case before it from that of *Erwin* on the grounds that the plaintiff in *Erwin* was a teenager and the plaintiff in *Rider* was six-years old. The court stated:

> At the outset, we must clarify two matters not disputed below. First, the issue of fact that arose in *Erwin ex rel. Erwin v. City of Santa Fe*, concerning a teenager's ability to comply with the ninety day notice clearly is not present in Joelle's case. As a six-year-old, Joelle had no ability to comply with the ninety day notice provision, and the parties do not dispute this fact. That, in itself distinguished this case from *Erwin* and the case principally relied on therein, *Howie v. Stevens*, a workers' compensation case, which involved a fifteen-year-old boy...

*Rider*, 1996-NMCA-090, ¶4 (internal citations omitted).

In *Tafoya v. Doe*, the plaintiff was an infant when she was injured. *Tafoya v. Doe*, 1983-NMCA-070, ¶14, 100 N.M. 328, 670 P.2d 582. The court noted that the Tort Claims Act makes no provision for delayed notice of a minor's claim. *Id.* The plaintiff argued that application of the ninety (90)-day notice deadline would violate the infant's due process rights because "it cannot be doubted that the baby in this case, from the date of her birth until she was a mere eleven months old" was unable to comply with the statutory 90-day notice requirement of §41-4-16. *Id.* at ¶19.

In *Jaramillo v. Bd. of Regents* and its related case *Jaramillo v. Heaton*, the plaintiff was two-years-old when he was injured. *Jaramillo v. Bd. of Regents*, 2001-NMCA-024, ¶2, 130

3

N.M. 256, 23 P.3d 931; *Jaramillo v. Heaton*, 2004-NMCA-123, 136 N.M. 498, 100 P.3d 204. In *Campos v. Davis*, the plaintiff was eight-years-old when she was injured. *Campos v. Davis*, 2006-NMSC-020, ¶3, 139 N.M. 454, 134 P.3d 741.

While it may be deduced from the cases cited by Plaintiff that there is a presumption by a court that a minor under ten (10) years of age is unable to meet statutory notice and filing deadlines, the courts have taken the opposite stance when the minor plaintiff is a teenager. Indeed, Both the *Jaramillo* Court and the *Campos* Court distinguished the cases before them from cases involving teenagers. *Jaramillo*, 2001-NMCA-024 at ¶9, *Campos*, 2006-NMSC-020 at ¶10. In *Howie v. Stevens*, the New Mexico Court of Appeals rejected the plaintiff's argument that, because he was fifteen (15) years old at the time of his injury, application of the one-year statute of limitations on Workmen's Compensation claim would violate his due process rights. *Howie*, 1984-NMCA-052, ¶18. Like the Plaintiff herein, the *Howie* plaintiff utilized the *Tafoya v. Doe* case to argue that a statutory deadline could not be used against him while he was still a minor. *Id.* citing *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (Ct. App. 1983). The *Howie* court distinguished its case from that of *Tafoya* noting that there were no facts in the record before it that plaintiff was unable to file suit within the statutory period. *Id.*

The information this Court needs to find a triable issue of fact regarding Plaintiff's ability to file a tort claim notice within the statutory time period is entirely in the control of Plaintiff and his attorneys. Yet, not one fact was presented in response to the City's motion for summary judgment on the issue other than the fact that Plaintiff was under the age of eighteen (18) at the time of the alleged injury. As the courts above held, the fact of minority does not itself create a triable issue of fact regarding due process violations.

Federal Rule of Civil Procedure 56(c) "states that summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Obermeyer v. Vilasck*, 760 F.Supp.2d 1232, 1243 (D.N.M. 2010) (internal quotations and citations omitted). When the movant makes a *prima facie* showing it is entitled to summary judgment, Rule 56(e) requires the non-moving party to designate specific facts showing that there is a genuine issue for trial. *Id.* The non-movant cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial. *Id.*

The only claims that Plaintiff has filed against the City are tort claims, and therefore the City is entitled to summary judgment in its favor on the complaint. Plaintiff incorrectly states that he has filed claims against the City for violations of the Americans with Disabilities Act. The Plaintiff has filed a motion to amend his complaint to include such claims but said motion has not been granted.

**WHEREFORE**, Defendant City of Espanola respectfully request that the Court enter summary judgment in its favor on the complaint.

Respectfully Submitted,
*Electronically Filed*
*/s/ Katherine A. Basham*
Katherine A. Basham
Mark A. Basham
Basham & Basham, P.C.
Attorneys for Defendants
2205 Miguel Chavez Rd., #A
Santa Fe, New Mexico 87505
(505) 988-4575; kbasham@bbpcnm.com

I hereby certify that on this 14th day of January, 2014, I filed the foregoing pleading electronically through the CM/ECF System, which caused the below counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Shannon Kennedy
The Kennedy Law Firm
1000 Second Street, NW
Albuquerque, New Mexico, 87102

*Electronically Filed*
*/s/ Katherine A. Basham*
Katherine A. Basham