IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

T.J. and C.J., on behalf of their minor child B.J.,

    Plaintiffs,

v.                                          Civ. No. 12-565 KG/SMV

Danny Pacheco, a City of Espanola
Police Officer, and Sergeant Richard
Gallegos, a City of Espanola Police Officer, and
Lieutenant Christian Lopez, a City of Espanola Police Officer,
Defendant City of Espanola, a municipality,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiff's [sic] Opposed Motion to Amend Complaint and Substitute the Party Plaintiff (Motion to Amend), filed November 1, 2013. (Doc. 56). Defendants responded on November 25, 2013, and Plaintiffs replied on December 20, 2013. (Docs. 58 and 61). Plaintiffs move under Fed. R. Civ. P. 15(a)(2) to amend the Complaint for Recovery of Damages Due to Deprivation of Civil Rights, False Imprisonment, and Defamation (Complaint) (Doc. 1-1) to substitute Billy Jones as the named Plaintiff and to add an Americans with Disabilities Act (ADA) claim against Defendant City of Espanola. *See* proposed Amended Complaint for Recovery of Damages Due to Deprivation of Civil Rights, False Imprisonment, Defamation, and Violations of Title II of the Americans with Disabilities Act (proposed Amended Complaint) (Doc. 56-1). Having considered the Motion to Amend, the accompanying briefs, and Plaintiffs' proposed Amended Complaint, the Court grants the Motion to Amend, in part, to allow Plaintiffs to substitute Billy Jones as the named Plaintiff.

A. *Substituting Billy Jones as the named Plaintiff*

This civil rights lawsuit arises from events leading up to the alleged unlawful arrest of Billy Jones when he was a minor. Now that Billy Jones is no longer a minor, Plaintiffs move to substitute Billy Jones as the named Plaintiff. Defendants do not oppose that substitution. For the above reasons, the Court allows Plaintiffs to file an amended complaint which reflects Billy Jones as the named Plaintiff.

B. *Adding an ADA Claim Against Defendant City of Espanola*

Defendants assert that Fed. R. Civ. P. 16(b)(4) and 15(a)(2) do not support permitting Plaintiffs to amend the Complaint to add an ADA claim against Defendant City of Espanola. First, Defendants argue that the Court must deny the Motion to Amend because "Plaintiffs have failed to show good cause as to why the Scheduling Order case management deadline to file an amendment to the pleadings should be extended" under Rule 16(b)(4). The Scheduling Order deadline for amending the pleadings was August 13, 2012. (Doc. 14) at 1. Plaintiffs filed the Motion to Amend more than a year after that deadline. Second, Defendants argue that allowing Plaintiffs to amend the Complaint under Rule 15(a)(2) to add an ADA claim against Defendant City of Espanola would be futile.

The Tenth Circuit Court of Appeals has not addressed how Rules 16(b)(4) and 15(a)(2) should be applied in a case like this where a plaintiff wants to amend a complaint after the scheduling order deadline for amending pleadings has passed. *ACC Consultants, Inc. v. Logistics Health, Inc.*, 2011 WL 5212262 *4 (D.N.M.) (citing *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009)); *see also Bylin v. Billings*, 568 F.3d 1224, 1232 n. 10 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006). However, the Courts in this district have held that a plaintiff must first succeed in

modifying the scheduling order deadline under Rule 16(b)(4) before the Court will apply Rule 15(a)(2) to determine whether to grant the motion to amend. *ACC Consultants, Inc.*, 2011 WL 5212262 at *4 (citing *Rowen v. New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002)); *see also*, *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296955 *3 (D.N.M.).

Under Rule 16(b)(4), a moving party may not modify a scheduling order except "for good cause and with the judge's consent." The good cause requirement "does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo*, 2007 WL 2296955 *3 (D.N.M.) (quoting *Dilmar Oil Co., Inc. v. Federated Mutual Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.), *aff'd on other grounds*, 129 F.3d 116 (4th Cir. 1997)); *accord ACC Consultants, Inc.*, 2011 WL 5212262 at *4. Diligence means that the moving party could not meet the scheduling deadline despite that "party's diligent efforts." *Skyline Potato Co., Inc. v. Tan-O-On Mktg., Inc.*, 879 F. Supp. 2d 1228, 1244 (D.N.M. 2012) (quoting *Advanced Optics Elecs., Inc. v. Robins*, 769 F.Supp.2d 1285, 1313 (D.N.M. 2010)); *Trujillo*, 2007 WL 2296955 at *3 (quoting *Dilmar Oil*, 986 F.Supp. at 980). To prevail under Rule 16(b)(4), the moving party "must provide an adequate explanation for the delay." *Minter*, 451 F.3d at 1205 n.4. If the moving party was not diligent, then the Court should deny the request to extend the scheduling deadline for lack of good cause and thus, deny the motion to amend. *ACC Consultants, Inc.*, 2011 WL 5212262 at *4 (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Should the moving party fulfill the Rule 16(b)(4) good cause requirement, the Court can, nonetheless, deny the motion to amend if the moving party unduly delayed the filing of the motion to amend. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). Although

Rule 16(b)(4) is a more demanding standard than Rule 15(a)(2), the Tenth Circuit has found a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin*, 568 F.3d at 1231.  In this circuit, "untimeliness alone is a sufficient reason to deny leave to amend … especially when the party filing the motion has no adequate explanation for the delay." *Frank*, 3 F.3d at 1365-66 (citations omitted).  Undue delay or untimeliness is evident when the moving party "'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint….'" *Id.* at 1366 (quoting *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)).  When untimeliness is a basis for denial of leave to amend a complaint, a non-movant need not show that he would be prejudiced by the filing of an amended complaint.  *Las Vegas Ice & Cold Storage Co.*, 893 F.2d at 1185.

      While Plaintiffs argue that amending the Complaint to add the ADA claim against Defendant City of Espanola will not delay any proceedings or cause prejudice to Defendants, Plaintiffs have failed to (1) demonstrate that they engaged in any "diligent efforts" to timely file the Motion to Amend, and (2) adequately explain why they could not meet the August 13, 2012, pleading amendment deadline.  Moreover, Plaintiffs admit that facts pled in the Complaint are sufficient to plead the alleged ADA claim. (Doc. 61) at 5.  Consequently, Plaintiffs knew or, at the very least should have known, that they had a factual basis in the Complaint to raise the ADA claim at that time.  The Court determines that Plaintiffs have neither shown good cause to extend the Scheduling Order deadline for filing the Motion to Amend nor shown that they filed the Motion to Amend without undue delay.  For these reasons, the Court denies the Motion to Amend to the extent that Plaintiffs request leave to add an ADA claim against Defendant City of Espanola.

IT IS ORDERED that Plaintiff's [sic] Opposed Motion to Amend Complaint and Substitute the Party Plaintiff (Doc. 56) is granted, in part, in that Plaintiffs may file an amended complaint no later than November 10, 2014, to substitute Billy Jones as the named Plaintiff.

_____
UNITED STATES DISTRICT JUDGE