IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY JONES,

    Plaintiff,

vs.                                                            Civ. No. 12-565 KG/SMV

Danny Pacheco, a City of Espanola
Police Officer, and Sergeant Richard
Gallegos, a City of Espanola Police Officer, and
Lieutenant Christian Lopez, a City of Espanola Police Officer,
and City of Espanola, a municipality,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant City of Espanola's Motion for Summary Judgment and Memorandum of Law in Support (Motion for Summary Judgment), filed November 25, 2013.[1]  (Doc. 59).  Plaintiff filed a response on December 20, 2013, and Defendant City of Espanola (Defendant City) filed a reply on January 14, 2014.  (Docs. 62 and 65).  Having considered the Motion for Summary Judgment, the accompanying briefs, and the evidence of record, the Court grants the Motion for Summary Judgment and will dismiss Plaintiff's claims against Defendant City without prejudice.

This case arises from the September 9, 2010, arrest of Plaintiff when he was a minor. The parties apparently do not dispute that Plaintiff was almost sixteen years old at the time of his arrest.  (Doc. 65) at 2.  Only Counts II and III of the Amended Complaint are relevant to this

---

[1] The Motion for Summary Judgment is premised on the original complaint filed in state court. *See* (Doc. 1-1).  However, on November 10, 2014, Plaintiff filed an Amended Complaint for Recovery of Damages Due to Deprivation of Civil Rights, False Imprisonment, and Defamation (Amended Complaint) which substituted Billy Jones as the named Plaintiff.  (Doc. 68).  Because the Amended Complaint otherwise remains the same as the original complaint, the Motion for Summary Judgment is not moot and the Court will rule on the motion.

Motion for Summary Judgment. In Count II, Plaintiff brings, among other things, a New Mexico Tort Claims Act (NMTCA) *respondeat superior* claim against Defendant City. In Count III, Plaintiff brings NMTCA negligence claims against Defendant City.

Defendant City now moves for summary judgment on Counts II and III because Defendant City did not receive notice of the NMTCA claims as required by NMSA 1978, § 41-4-16. Section 41-4-16(A) requires that NMTCA claimants present to governmental entities notice of NMTCA claims "within ninety days after an occurrence giving rise to a claim for which immunity has been waived under the Tort Claims Act." Without such notice, a claimant cannot bring suit on a NMTCA claim. NMSA 1978, § 41-4-16(B). Plaintiff argues that because he was a minor at the time of his arrest he was not obligated to give notice of his NMTCA claims to Defendant City. Plaintiff contends that requiring him to give notice of his NMTCA claims would have violated his right to due process.

*A. Standard of Review for Summary Judgment*

Summary judgment is appropriate if there is no genuine dispute as to a material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[2] When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). In this case, "[o]nce the movant has made a *prima facie* showing that he is entitled to summary judgment on the issue of notice, it is incumbent on the party opposing the motion to demonstrate the existence of a triable issue." *Dutton v. McKinley County Bd. of Comm'rs*, 1991-NMCA-130, ¶ 7, 113 N.M. 51. An issue of material fact is genuine if a reasonable jury could return a verdict for the non-

---

[2]Rule 56 was amended effective December 1, 2010, but the standard for granting summary judgment remains unchanged.

movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted).

B.  Discussion

New Mexico courts do not believe that application of the NMTCA notice provision to "any minor, whatever the circumstances, would violate due process." *Erwin v. City of Santa Fe*, 1993-NMCA-065, ¶ 7, 115 N.M. 596.  Instead, New Mexico courts "focus on whether it is reasonable to expect a person in the injured child's circumstances to be able to meet the [notice] requirement." *Jaramillo v. Bd. of Regents of Univ. of New Mexico Health & Sciences Center*, 2001-NMCA-024, ¶ 7, 130 N.M. 256.  Moreover, the burden of giving notice lies with the minor, not with a parent or relative. *Rider v. Albuquerque Public Schools*, 1996-NMCA-090, ¶ 15, 122 N.M. 237.

Here, Defendant City has made a *prima facie* showing that it would have been reasonable for Plaintiff, as a fifteen year old, to meet the notice requirement.  It is then Plaintiff's burden to show that he could not give notice to Defendant City and that requiring him to give Defendant City notice violated his right to due process. *See Howie v. Stevens*, 1984-NMCA-052, ¶ 18, 102 N.M. 300, *writ quashed*, No. 15,454 (1985), *overruled on other grounds by Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't*, 2013-NMSC-013.  Plaintiff, however, has not presented any facts to show that Plaintiff "was unable to file suit," let alone that requiring notice to Defendant City violated his right to due process. *See id.*  Consequently, Plaintiff has not met his burden of demonstrating a triable issue of fact which would preclude summary judgment on the NMTCA claims against Defendant City on the basis of Plaintiff's failure to provide notice under Section 41-4-16(A).  The Court will, therefore, grant summary judgment on Plaintiff's claims against Defendant City and dismiss those claims without prejudice.

IT IS ORDERED that

1. Defendant City of Espanola's Motion for Summary Judgment and Memorandum in Support (Doc. 59) is granted; and

2. Plaintiff's claims against Defendant City will be dismissed without prejudice.

UNITED STATES DISTRICT JUDGE