IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**Billy Jones**
  **Plaintiff,**
v.          Case No.  1:12-CV-00565 KG/SMV

**Danny Pacheco, a City of Espanola Police**
**Officer, and Sergeant Richard Gallegos, a**
**City of Espanola Police Officer, and, Lieutenant**
**Christian Lopez, a City of Espanola Police**
**Officer, Defendant City of Espanola, municipality,**
  **Defendants.**

## ANSWER TO AMENDED COMPLAINT

  COME NOW the Defendants, by and through their attorneys, Basham & Basham, P.C. (Katherine A. Basham, Esq.) and answer the Plaintiff's Amended Complaint for Recovery of Damages Due to Deprivation of Civil Rights, False Imprisonment, and Defamation (hereinafter "Complaint") as follows:

1. Defendants are without sufficient information as to the allegations contained in Paragraph 1 and therefore deny same.

2. As to the allegations regarding residence found in Paragraph 2, Defendants are without sufficient information and therefore deny same.  As to the remaining allegations found in Paragraph 2, Defendants state that they are statements of law not fact and therefore Defendants dispute any characterization of the law.

3. As to the allegation found in Paragraph 3 that Defendant Danny Pacheco is a City of Espanola Police Officer, the Defendants admit that Danny Pacheco is a City of Espanola Police Officer.  As to the remaining allegations found in Paragraph 3, Defendants state that they are mixed statements of law and fact and therefore Defendants dispute any characterization of how the law will apply to the facts of this case.

1

4. As to the allegation found in Paragraph 4 that Defendant Richard Gallegos is a City of Espanola Police Officer, the Defendants admit that Richard Gallegos is a City of Espanola Police Officer. As to the remaining allegations found in Paragraph 4, Defendants state that they are mixed statements of law and fact and therefore Defendants dispute any characterization of how the law will apply to the facts of this case.

5. As to the allegation found in Paragraph 5 that Defendant Christian Lopez is a City of Espanola Police Officer, the Defendants admit that Christian Lopez was a City of Espanola Police Officer but is no longer with the police department. As to the remaining allegations found in Paragraph 5, Defendants state that they are mixed statements of law and fact and therefore Defendants dispute any characterization of how the law will apply to the facts of this case.

6. The allegations found in Paragraph 6 are statements of law and therefore Defendants dispute any characterization of the law.

7. The Defendants admit the allegations found in Paragraph 7.

8. The Defendants admit the allegations found in Paragraph 8.

9. As to the allegations found in Paragraph 9, the Defendants state that the City of Espanola is partially located in the County of Santa Fe and partially located in the County of Rio Arriba; however, the Defendants will not object to venue in the County of Santa Fe.

10. Defendants are without sufficient information as to the allegations contained in Paragraph 10 and therefore deny same.

11. Defendants are without sufficient information as to the allegations contained in Paragraph 11 and therefore deny same.

12. Defendants are without sufficient information as to the allegations contained in Paragraph 12 and therefore deny same.

13. Defendants are without sufficient information as to the allegations contained in Paragraph 13 and therefore deny same.

14. Defendants are without sufficient information as to the allegations contained in Paragraph 14 and therefore deny same.

15. Defendants are without sufficient information as to the allegations contained in Paragraph 15 and therefore deny same.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. As to the allegations found in Paragraph 18, the Defendants state the Ms. Devanna Ortega was an Espanola Municipal Schools District employee at the time of the events set forth in the complaint.

19. Defendants are without sufficient information as to the allegations contained in Paragraph 19 and therefore deny same.

20. Defendants are without sufficient information as to the allegations contained in Paragraph 20 and therefore deny same.

21. Defendants are without sufficient information as to the allegations contained in Paragraph 21 and therefore deny same.

22. Defendants are without sufficient information as to the allegations contained in Paragraph 22 and therefore deny same.

23. As to the allegations found in Paragraph 23, Defendants are without sufficient information as to the allegations contained in Paragraph 23 and therefore deny same.

Furthermore, the Defendants dispute the characterization of the items found in the backpack.

24. As to the allegations found in Paragraph 24, the Defendants state the document to which reference is made speaks for itself, and Defendants therefore deny the Plaintiff' description of the document.

25. Defendants are without sufficient information as to the allegations contained in Paragraph 25 and therefore deny same.

26. Defendants deny the allegations found in Paragraph 26.

27. Defendants are without sufficient information as to the allegations contained in Paragraph 27 and therefore deny same.

28. Defendants are without sufficient information as to the allegations contained in Paragraph 28 and therefore deny same.

29. Defendants are without sufficient information as to the allegations contained in Paragraph 29 and therefore deny same.

30. Defendants are without sufficient information as to the allegations contained in Paragraph 30 and therefore deny same.

31. Defendants deny the allegations of Paragraph 31.

32. Defendants are without sufficient information as to the allegations contained in Paragraph 32 and therefore deny same.

33. Defendants are without sufficient information as to the allegations contained in Paragraph 33 and therefore deny same.

34. Defendants deny the allegations found in Paragraph 34.

35. Defendants deny the allegations found in Paragraph 35. In addition, as to the allegations contained in Paragraph 35, the Plaintiff appears to be referencing a document. Defendants state the document to which reference is made speaks for itself, and Defendants therefore deny the Plaintiff's description of the document.

36. Defendants deny the allegations found in Paragraph 36. In addition, as to the allegations contained in Paragraph 36, the Plaintiff appears to be referencing a document. Defendants state the document to which reference is made speaks for itself, and Defendants therefore deny the Plaintiff's description of the document.

37. Defendants are without sufficient information as to the allegations contained in Paragraph 37 and therefore deny same.

38. Defendants are without sufficient information as to the allegations contained in Paragraph 38 and therefore deny same.

39. Defendants deny the allegations found in Paragraph 39.

40. Defendants deny the allegations found in Paragraph 40.

41. Defendants deny the allegations found in Paragraph 41. In addition, as to the allegations contained in Paragraph 41, the Plaintiff appears to be referencing a document. Defendants state the document to which reference is made speaks for itself, and Defendants therefore deny the Plaintiff's description of the document.

42. As to the allegation found in Paragraph 42 that Plaintiff did not attend classes at Espanola Valley High School following September 7, 2010, the Defendants are without sufficient information as to that allegation and therefore deny same. The Defendants deny the remaining allegations found in Paragraph 42.

43. Defendants deny the allegations found in Paragraph 43.

44. Defendants are without sufficient information as to the allegations contained in Paragraph 44 and therefore deny same.

45. Defendants are without sufficient information as to the allegations contained in Paragraph 45 and therefore deny same.

46. Defendants deny the allegations found in Paragraph 46.

47. Defendants deny the allegations found in Paragraph 47.

48. Defendants are without sufficient information as to the allegations contained in Paragraph 48 and therefore deny same.

49. Defendants are without sufficient information as to the allegations contained in Paragraph 49 and therefore deny same.

50. Defendants incorporate their answers to Paragraphs 1 through 49 as if fully restated herein.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants are without sufficient information as to the allegations contained in Paragraph 55 and therefore deny same.

56. Defendants are without sufficient information as to the allegations contained in Paragraph 56 and therefore deny same.

57. Defendants are without sufficient information as to the allegations contained in Paragraph 57 and therefore deny same.

58. Defendants are without sufficient information as to the allegations contained in Paragraph 58 and therefore deny same.

59. Defendants deny the allegations contained in Paragraph 59.

60. Defendants deny the allegations contained in Paragraph 60.

61. Defendants deny the allegations contained in Paragraph 61.

62. Defendants deny the allegations contained in Paragraph 62.

63. Defendants deny the allegations contained in Paragraph 63.

64. Defendants deny the allegations contained in Paragraph 64.

65. Defendants deny the allegations contained in Paragraph 65.

66. Defendants deny the allegations contained in Paragraph 66.

67. Defendants are without sufficient information as to the allegations contained in Paragraph 67 and therefore deny same.

68. Defendants are without sufficient information as to the allegations contained in Paragraph 68 and therefore deny same.

69. Defendants incorporate their answers to Paragraphs 1 through 68 as if fully restated herein.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants incorporate their answers to Paragraphs 1 through 73 as if fully restated herein.

75. As to the allegations found in Paragraph 75, Defendants state that they are mixed statements of law and fact and therefore Defendants dispute any characterization of how the law will apply to the facts of this case.

76. Defendants deny the allegations contained in Paragraph 76.

77. As to the allegations found in Paragraph 77, Defendants state that they are mixed statements of law and fact and therefore Defendants dispute any characterization of how the law will apply to the facts of this case.

78. As to the allegations found in Paragraph 78 Defendants state that they are mixed statements of law and fact and therefore Defendants dispute any characterization of how the law will apply to the facts of this case.

79. As to the allegations found in Paragraph 79, Defendants state that they are mixed statements of law and fact and therefore Defendants dispute any characterization of how the law will apply to the facts of this case.

80. Defendants deny the allegations contained in Paragraph 80.

81. Defendants deny the allegations contained in Paragraph 81.

82. Defendants deny the allegations contained in Paragraph 82.

83. Defendants deny the allegations contained in Paragraph 83.

84. As to the allegations found in Paragraph 84, Defendants state that they are statements of law not fact and therefore Defendants dispute any characterization of the law.

85. As to the allegations found in Paragraph 85, Defendants state that they are statements of law not fact and therefore Defendants dispute any characterization of the law.

86. As to the allegations found in Paragraph 86, Defendants state that they are statements of law not fact and therefore Defendants dispute any characterization of the law.

87. As to the allegations found in Paragraph 87, Defendants state that they are statements of law not fact and therefore Defendants dispute any characterization of the law.

88. Defendants deny the allegations found in Paragraph 88.

89. Defendants deny the allegations found in Paragraph 89.

90. Paragraph 90 does not require a response from the Defendants.

91. Any allegation not specifically addressed above is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Plaintiff's state law claims as against the City of Espanola are jurisdictionally barred because the Plaintiff did not file a Notice of Tort Claim within the time prescribed by law.

3. Defendants breached no duty owed to Plaintiff.

4. At all times relevant hereto, Defendants actions were reasonable, proper and constitutional.

5. If Plaintiff suffered any injury and damages, such were unavoidable and not caused by Defendants.

6. Any detriment or damages allegedly suffered by the Plaintiff were due to and caused by Plaintiff's own acts and conduct.

7. If Plaintiff suffered any detriment, such was not caused by Defendants.

8. Plaintiff's Complaint is barred by sovereign immunity.

9. The individual Defendants are entitled to qualified immunity for some or all of the federal claims.

10. Pursuant to N.M.S.A. §41-4-19(D) of the New Mexico Tort Claims Act, Defendants are not liable for exemplary or punitive damages.

11. Defendants affirmatively state that if they were at fault in any respect, which is specifically denied, then the fault of Plaintiff must be considered, and liability apportioned among all persons and entities at fault.

12. Plaintiff has failed to mitigate the damages in his Complaint.

13. These Defendants were not the proximate cause of Plaintiff's alleged injuries.

14. Defendants reserve the right to add additional affirmative defenses as discovery takes place.

**WHEREFORE**, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice, award the Defendants their costs and attorneys' fees in the defense of this matter, and for such other and further relief that the Court deems is appropriate.

    Respectfully Submitted,
    *Electronically Filed*
    */S/   Katherine A. Basham*
    Katherine A. Basham
    Mark A. Basham
    Basham & Basham, P.C.
    Attorneys for Defendants
    2205 Miguel Chavez Rd., #A
    Santa Fe, New Mexico 87505
    (505) 988-4575; kbasham@bbpcnm.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Answer was mailed to Shannon Kennedy, The Kennedy Law Firm, at 1000 Second Street, NW, Albuquerque, New Mexico, 87102, on this 3rd day of December, 2014.

                        *Electronically Filed*
                        */S/  **Katherine A. Basham***
                        _____
                        Katherine A. Basham